# EXHIBIT 1

*State Court Documents*

ELECTRONICALLY FILED - 2022 May 27 1:50 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4002806

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO. 22-CP-40-_____ |
| ) | |
| John E. Reese, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Daniel L. Hodges, ComSovereign ) | **SUMMONS** |
| Holding Corp., and ) | (JURY TRIAL DEMANDED) |
| Transform-X, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**TO:   THE ABOVE NAMED DEFENDANTS:**

YOU ARE SUMMONED AND REQUIRED to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer upon the undersigned at P.O. Box 245, Columbia, SC 29202 (1230 Richland Street 29201), within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/M. Baron Stanton
M. Baron Stanton
S.C. Bar No. 7970
STANTON LAW OFFICES, P.A.
(1230 Richland Street)
P.O. Box 245
Columbia, South Carolina 29202
803-929-1484

ATTORNEY FOR PLAINTIFF
John E. Reese, III

Date:   5/26/22

Stanton Law Offices, P.A., 1230 Richland Street, P.O. Box 245, Columbia, SC 29202, 803-929-1484

1

ELECTRONICALLY FILED - 2022 May 27 1:50 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4002806

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO. 22-CP-40-_____ |
| ) | |
| John E. Reese, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Daniel L. Hodges, ComSovereign ) | **COMPLAINT** |
| Holding Corp., and ) | (JURY TRIAL DEMANDED) |
| Transform-X, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, complaining of Defendants, would show unto the Court the following and request the relief prayed for:

1. John E. Reese, III, is a South Carolina citizen.

2. Daniel L. Hodges is, upon information and belief, a citizen and resident of the State of Arizona, and has done business in multiple states, and solicited investment in, and transacted business in, and engaged in transactions with residents of, South Carolina, and at all times pertinent has been an officer or director, and controlling person and promoter of ComSovereign Holding Corp. and Transform-X, Inc., and upon information and belief, has caused both companies (or one after the other) to engage in related party transactions in which the company entered into a leasing relationship with another company, TM Technologies, in which Hodges has or had a stake, and which were designed to deplete cash from the company, spare TM the need to raise capital, and avoid providing the company any proprietary interest in TM or its assets or an opportunity to pursue its line of business.

3. ComSovereign Holding Corp. ("ComSovereign" or "Defendant ComSovereign") is a Nevada corporation, and upon information and belief, has done business in multiple states,

and solicited investment in, and transacted business in, and engaged in transactions with residents of, South Carolina.

4. Transform-X, Inc. is an Arizona corporation, and upon information and belief, has done business in multiple states, and solicited investment in, and transacted business in, and engaged in transactions with residents of, South Carolina.

5. In December 2018, Hodges solicited and facilitated and materially aided the sale of securities in South Carolina, in the form of an instrument (the "Note") in which, in return for money from Reese in the amount of $125,000, Transform-X promised to issue Reese 5000 shares of Transform-X within three days and pay Reese $125,000 with accrued interest compounded quarterly at 8% per annum by June 11, 2019, unless the company received a specified investment sooner or Reese elected to convert the debt to additional stock sooner on stated terms, with interest to accrue after maturity compounded quarterly at 8% per annum.

6. Upon information and belief, not had before about April or May 2022, Hodges knew at the time of the Note that Transform-X struggled under the mantle of undercapitalization and had no confirmed resource with which to timely pay the Note, and did not inform Reese of this material fact, and implied that the Note had Hodges's personal assurance of repayment.

7. Upon information and belief, not had before about April or May 2022, Hodges knew at the time that Transform-X did not have sufficient funds to repay Reese and did not have and could not get authorization to issue the stock and had no concern with whether Reese would ever be issued the stock and be paid the money owed, and did not disclose this material fact to Reese.

8. Upon information and belief, Hodges did not disclose the Note and the obligations under it to some other employees of Transform-X and businesses with which

Transform-X was dealing, and did not put the obligations squarely in the company's books for recognition and action.

9. Upon information and belief, sometime after March 2019, Transform-X was merged into ComSovereign Corp., a Delaware corporation, which then succeeded to the liabilities of Transform-X, including the Note.

10. Upon information and belief, ComSovereign Corp. (the Delaware company) was later merged into the Defendant ComSovereign Holding Corp. (which was, before or afterwards, named Drone Avaiation Holding Corp. and changed its name), which then succeeded to the liabilities of Transform-X and ComSovereign Corp., including the Note.

11. The Note is dated December 13, 2018.

12. The proposed Note and the Note were sent by Hodges to Reese who was in South Carolina with a clearly stated address of P.O. Box 12440, Charleston, SC 29422.

13. The stock was due December 16, 2018.

14. The money was due June 11, 2019, or the sooner to occur of Reese electing to convert the debt to stock or "an outside source" investing over $5,000,000, neither of which happened.

15. The Note is mature, due and payable and Hodges repeatedly affirmed the intention to pay it.

16. There was due and payable under the Note as of March 16, 2022, no less than $157,500, with interest accruing thereafter at 8% per annum, compounded quarterly.

17. On or about May 16, 2022, at a time Hodges considered ComSovereign to be a dormant company, Hodges caused Reese to be issued a number of shares in ComSovereign,

which upon information and belief, were intended to represent the stock due December 16, 2018 under the Note and to represent some sort of partial payment.

18. The Note also provides that if action is instituted to collect on the Note, all costs and expenses including reasonable attorney's fees will also be taxable to, and owed by, the maker. The South Carolina Securities laws also provide for recovery of such expenses including attorney's fees.

19. In the alternative that Transform-X did not merge into ComSovereign Corp. and somehow disposed of its assets or stock to ComSovereign Corp., this would have occurred about March 25, 2019 and either ComSovereign assumed the liability under the Note, or if not, the disposal was improper, was a breach of fiduciary duty by Hodges and other controlling persons, was a breach of any express or implied agreement or plan imposed on shareholders or approved by or represented to appropriate authorities, and if any stock or assets of Transform-X were transferred to ComSovereign Corp. in return for any consideration (in stock or money) later distributed to Transform-X shareholders (including but not limited to Hodges), in disregard for the outstanding debt of Transform-X under the Note, such shareholders received a wrongful distribution and are personally liable for the value of the distribution at the time received; the directors of Transform-X in such an instance would also be liable for breach of fiduciary duty or other fraud.

20. In the event of the alternative pled in the foregoing paragraph concerning wrongful distribution to Hodges and others, upon information and belief, the wrongful distribution would have been valued at $5.00 per share of Transform-X and based upon his stock ownership at the time, Hodges received wrongful distributions valued at more than the amount

then due on the Note and is liable to Reese in at least the amount due on the Note as of March 25, 2019.

### FOR A FIRST CAUSE OF ACTION

21.     The allegations of the foregoing paragraphs are repeated.

22.     The offer and sale of the Note to Reese was a violation of the South Carolina securities laws by Hodges, Transform-X, its successor ComSovereign, and other officers and directors of Transform-X as (1) employment of a device, scheme, or artifice to defraud; (2) making an untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

### FOR A SECOND CAUSE OF ACTION

23.     The allegations of the foregoing paragraphs are repeated.

24.     ComSovereign and Transform-X are jointly and severally liable under the Note.

### FOR A THIRD CAUSE OF ACTION

25.     The allegations of the foregoing paragraphs are repeated.

26.     In the alternative that ComSovereign did not assume or succeed to the liability of Transform-X under the Note and under the South Carolina securities laws, Hodges is liable for receipt of a wrongful distribution in the amount due under the Note as of March 25, 2019, as well as for damages for breach of fiduciary duty and fraud as of that approximate date in the amount that would have been paid off as of that time.

WHEREFORE, Reese prays:

ELECTRONICALLY FILED - 2022 May 27 1:50 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4002806

    a.    for judgment against Hodges in the amount of the greater of (i) $125,000 as of December 13, 2018, plus prejudgment interest thereafter until the time of judgment, plus attorney's fees and other expenses, or (ii) the amount due under the Note as of March 25, 2019 plus prejudgment interest thereafter until the time of judgment, plus attorney's fees and other expenses;

    b.    for judgment against ComSovereign in the amount of the greater of (i) $125,000 as of December 13, 2018, plus prejudgment interest thereafter until the time of judgment, plus attorney's fees and other expenses, or (ii) or the amount due under the Note as of March 16, 2022 of no less than $157,500, with interest accruing thereafter at 8% per annum, compounded quarterly, plus attorney's fees and other expenses;

    c    for judgment against Transform-X in the amount of the greater of (i) $125,000 as of December 13, 2018, plus prejudgment interest thereafter until the time of judgment, plus attorney's fees and other expenses, or (ii) or the amount due under the Note as of March 16, 2022 of no less than $157,500, with interest accruing thereafter at 8% per annum, compounded quarterly, plus attorney's fees and other expenses;

    d.    that the judgment against a given defendant be granted and entered jointly and severally with each judgment against any defendant that is a judgment smaller than or equal to the judgment against the given defendant, up to the amount of the other judgment, in such a manner that all overlapping amounts are joint and several and only excess amounts are not; and

    e.    for such other and further relief as is just and proper.

                                                      ___s/M. Baron Stanton___  
                                                      M. Baron Stanton (S.C. Bar No. 7970)  
                                                      STANTON LAW OFFICES, P.A.  
                                                      1230 Richland Street

ELECTRONICALLY FILED - 2022 May 27 1:50 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4002806

P.O. Box 245
Columbia, South Carolina 29202
803-929-1484

ATTORNEY FOR PLAINTIFF
John E. Reese, III

Date:     5/26/2020