IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John E. Reese, III, | ) | Case No. 3:22-cv-03645-JDA |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Daniel L. Hodges; Transform-X, Inc. | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's request for prejudgment interest and legal expenses, including attorney's fees. [Doc. 100.] At the conclusion of Defendants' case at trial, the Court granted Plaintiff's motion for judgment as a matter of law as to his claim against Defendant Transform-X, Inc. ("Transform-X") for liability under a promissory note (the "Note").[1] [*See* Doc. 90.] Plaintiff now seeks prejudgment interest and legal expenses, including attorney's fees. [Doc. 100.] Transform-X filed a response to Plaintiff's request, and Plaintiff filed a reply. [Docs. 101; 103.] The Court addresses prejudgment interest and expenses, including attorney's fees, seriatim.

**Prejudgment Interest**

"[S]tate law applies to questions involving prejudgment interest in diversity cases." *United States v. Dollar Rent A Car Sys., Inc.*, 712 F.2d 938, 940 (4th Cir. 1983). "Generally, under South Carolina choice of law principles, if the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law." *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007); *see Livingston v.*

---

[1] During the trial, Transform-X did not dispute its obligation on the Note.

*Atl. Coast Line R.R. Co.*, 180 S.E. 343, 345 (S.C. 1935) ("[U]nless there be something intrinsic in, or extrinsic of, the contract that another place of enforcement was intended, the lex loci contractu governs."). In the instant case, the Note indicates that it is "governed, construed and interpreted in accordance with the laws of the State of Arizona." [Doc. 25-2 at 3 ¶ 5.]

Under Arizona law, interest on the Note is the rate agreed to. *See* Ariz. Rev. Stat. § 44-1201(A)(2). The Note provides that, "[b]eginning on the Maturity Date and until the unpaid principal amount is paid to the Holder in its entirety, interest shall accrue on the unpaid principal amount of this Note at a rate of 8% per annum, compounded quarterly." [Doc. 25-2 at 2 ¶ 1.] The Maturity Date was June 11, 2019—180 days from December 13, 2018. [*Id.*] Accordingly, prejudgment interest began accruing on June 11, 2019, at 8% per annum, compounded quarterly.

Plaintiff has submitted a prejudgment interest calculation of $212,477.74 as of February 20, 2025, with a per diem accrual after that date of $45.84 per day. [Doc. 100-1.] Transform-X does not dispute Plaintiff's calculation. [Doc. 101 at 2.] Accordingly, the Court will use this calculation to determine the amount Plaintiff is due under the Note on the date judgment is entered. In a separate Opinion and Order filed contemporaneously herewith, the Court grants Transform-X's motion for setoff and directs Plaintiff to file a status report by February 18, 2026, informing the Court of the amount of all payments he received in connection with the $170,000 promissory note issued as part of his settlement with former Defendant COMSovereign Holding Corp., so that the Court may determine how much Transform-X's damages should be reduced based on that settlement. Once

that status report is filed, the Court will finalize its prejudgment interest calculation and enter final judgment to include prejudgment interest.

**Expenses, Including Attorney's Fees**

State law also applies to this Court's determination of whether attorney's fees are recoverable and, if so, what amount should be awarded.  *See W. Insulation, LP v. Moore*, 362 F. App'x 375, 379 (4th Cir. 2010) ("As this case is a diversity action based on state contract law, the contract, including its provisions on attorneys' fees, is to be interpreted using state law.").  As previously stated, the Note indicates that it is "governed, construed and interpreted in accordance with the laws of the State of Arizona."[2]  [Doc. 25-2 at 3 ¶ 5.]

Arizona law provides that "[a] contractual provision for attorneys' fees will be enforced according to its terms."  *Chase Bank of Ariz. v. Acosta*, 880 P.2d 1109, 1121 (Ariz. Ct. App. 1994).  Additionally, Ariz. Rev. Stat. § 12-341.01(A) (the "Statute") provides that, "[i]n any contested action arising out of a contract, . . . the court may award the successful party reasonable attorney fees," and the Statute does not alter[ ], prohibit[ ] or restrict[ ] present or future contracts or statutes that may provide for attorney fees."  The Arizona Supreme Court has clarified that the Statute is not supplanted by a contractual fee provision but instead, the Statute applies "to the extent it does not conflict with the contract."  *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 604 (Ariz. 2017).

Here, the Note provides that "[i]f action is instituted to collect on this Note, [Transform-X] promises . . . to pay all costs and expenses, including reasonable attorney's fees, incurred in connection with such action."  [Doc. 25-2 at 3 ¶ 8.]  Accordingly, Plaintiff

---

[2] In their briefing related to Plaintiff's request, neither party addressed Arizona law regarding attorney's fee awards.  [*See generally* Docs. 100; 101; 103.]

is entitled to reasonable attorney's fees under the terms of the Note and is eligible for reasonable attorney's fees under the Statute.

Transform-X argues that Plaintiff's request and accompanying affidavit fail to itemize the time and labor expended, preventing the Court from ascertaining how much time was spent on establishing liability on the Note and determining whether Plaintiff's requested fees are reasonable. [Doc. 101 at 3, 5.] The Court agrees.

Arizona law requires a "fee application [to] be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983). To that end, the affidavit "should indicate the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the [case]), and the time spent in providing the service." *Id.*

Plaintiff's counsel's affidavit/declaration in support of attorney's fees fails to comply with *Schweiger*'s requirements. Instead, it merely includes the total number of hours billed for periods of time, along with counsel's hourly rate for those time periods and any additional expenditures during the same periods:

| Period | Hours | Rate$ | Expenditures$ | Bill$ | Notes |
|---|---|---|---|---|---|
| 4/21/22-5/27/22 | 13.8 | 190 | 180.32 filing fee | 2,802.32 | |
| 9/13/22-11/30/22 | 12.2 | 190 | 773.40 process servers | 2,731.40 | |
| 1/23/23-2/8/23 | 34.1 | 190 | | 6,479.00 | |
| 3/13/23-4/3/23 | 3.1 | 190 | | 589.00 | 1.2hrs.NB |
| 4/12/23-5/15/23 | 5.4 | 190 | | 1,026.00 | |
| 6/27/23-9/13/23 | 7.7 | 190 | | 1,463.00 | |

4

| | | | | | |
|---|---|---|---|---|---|
| 9/18/23-12/5/23 | 33.5 | 190 | 1,326.45 ct.rptr. | 7,691.45 | 3.0hrs.NB |
| 12/15/23-2/5/24 | 118.9 | 250 | 1,066.67 mediator | 30,791.67 | 2.4hrs.NB |
| 2/26/24-4/4/24 | 26.3 | 250 | | 6,575.00 | 0.3hrs.NB |
| 4/22/24-7/12/24 | 15.1 | 250 | | 3,775.00 | |
| 7/18/24-8/9/24 | 2.1 | 250 | | 525.00 | |
| 11/2/24 | 0.8 | 250 | | 200.00 | |
| 12/24/24-1/31/25 | 41.6 | 250 | | 10,400.00 | 0.9hrs.NB |
| 1/31/25-2/6/25 | 47.3 | 250 | 209.01 FedEx and printing | 12,034.11 | 4.2hrs.NB |

This account does not include time and charges incurred and still being incurred after 2/6/25.

| | | | | | |
|---|---|---|---|---|---|
| TOTALS | 361.9 | | 3,555.85 | 87,082 .95 | 12.0hrs.NB |

[Doc. 100-2 at 4 (footnotes omitted).] The Arizona Court of Appeals has vacated an award of attorneys' fees based, at least in part, on the Statute because the fee application "did not provide sufficient detail to satisfy the *Schweiger* requirements." *Botto v. Botto*, No. 1 CA-CV 16-0770 FC, 2018 WL 1633320, at *3 (Ariz. Ct. App. Apr. 5, 2018). Accordingly, the Court denies Plaintiff's request for legal expenses, including attorney's fees, without prejudice to Plaintiff's right to refile his request for legal expenses, including attorney's fees, with sufficient detail for the Court to determine whether the expenses and fees are reasonable.[3]

---

[3] The Court notes that it "lacks discretion to refuse to award fees under [a] contractual provision." *Kellin v. Banner Bank*, No. 1 CA-CV 18-0356, 2019 WL 1341800, at *6 (Ariz. Ct. App. Mar. 26, 2019) (alteration in original) (internal quotation marks omitted). Accordingly, the Court will allow Plaintiff an opportunity to submit an itemized, detailed fee application that enables the Court "to assess the reasonableness of the time incurred." *Schweiger*, 673 P.2d at 932. Additionally, Plaintiff's expenses likewise should be itemized, detailed, and listed separately from attorney's fees so that the Court may separately determine the reasonableness of the fees and the reasonableness of the expenses.

**CONCLUSION**

Based upon the foregoing, the Court GRANTS Plaintiff's request for prejudgment interest under the Note and DENIES without prejudice Plaintiff's request for legal expenses, including attorney's fees. [Doc. 100.] Plaintiff shall refile his request for legal expenses, including attorney's fees, along with a supporting affidavit that complies with this Opinion and Order, by February 18, 2026. Transform-X may file a response to Plaintiff's renewed request by February 25, 2026.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 11, 2026
Greenville, South Carolina